February 19, 2008

BY HAND

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Cherdelle Benjamin**
             **07 Cr. 467 (RMB)**

Dear Judge Berman:

      I write in response to the Government's letter of February 7, 2008 regarding the Court's ability and discretion to order both forfeiture and restitution for the same monetary amount attributable to Ms. Benjamin's conduct.

      Both parties agree that over the course of approximately eight years Ms. Benjamin received a total of $82,702 in overpayments from federal housing subsidies and social security disability payments. As confirmed by the Probation Department, Ms. Benjamin currently has a negative net worth and has a negative net monthly cash flow. The Government seeks two orders from the Court: an order of forfeiture in the amount of $82,702 and an order of restitution in the same amount based on the same conduct. It further asks the Court not to apply any amounts obtained by the Government via forfeiture to restitution.

      The Court should deny the Government's requests. First, Congress has not authorized forfeiture against a quantity of money that does not exist and is not traceable to the defendant's conduct in the form of a "money judgment." Second, an order of forfeiture and an order of restitution would constitute an "excessive fine" in violation of the Eighth Amendment. And lastly, even if an order of forfeiture and restitution were statutorily and constitutionally permissible, the Court should exercise its ample discretion to fashion the manner of the restitution payments to account for any amount recovered in forfeiture proceedings.

The Honorable Richard M. Berman  February 19, 2008
United States District Court  Page 2
Southern District of New York

Re: <u>United States v. Cherdelle Benjamin</u>
     **07 Cr. 467 (RMB)**

## I. <u>Statutory Authority for a "Money Judgment" Does Not Exist</u>

The Government moves for an order of forfeiture under 18 U.S.C. § 981 (a)(1)(C) and 28 U.S.C. § 2461 for "a sum of money in the amount of at least $82,702 in United States currency." Govt. Proposed Order of Forfeiture. The Government does not identify, nor could it, the specific currency that it seeks to forfeit. Instead, it seeks a monetary judgment without regard to any connection to the offense. There is no statutory authority for the Government's proposed order.

While the Second Circuit has not considered the legality of such an order, the court in <u>United States v. Day</u>, 416 F.Supp.2d 79 (D.D.C. 2006), found that a "money judgement" as proposed by the Government here, is not authorized by statute.[1] The reasoning of <u>Day</u> is highly instructive and persuasive.

Section 981(a)(1)(c) is a civil forfeiture provision that authorizes forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to" the offense of conviction. Section 2461 mandates that in the case of a defendant who is convicted of an offense giving rise to civil or criminal forfeiture, "the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code," and utilize the procedures set forth in 21 U.S.C. § 853.

In turn, 21 U.S.C. § 853 allows for an order of forfeiture for "substitute property" where the directly forfeitable property:

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853 (p).

As the court in <u>Day</u> held, while forfeiture of directly traceable property and certain substitute assets is required, "[n]otably absent from the applicable statutory framework, is a

---

[1] As the Court in Day notes, several courts have upheld money judgments under similar non-RICO forfeiture provisions such as the one present here, but the defendants in those cases did not appear to challenge the practice. See <u>Day</u>, 416 F.Supp.2d at 89 (citations omitted).

The Honorable Richard M. Berman                              February 19, 2008
United States District Court                                          Page 3
Southern District of New York

Re:     **United States v. Cherdelle Benjamin**
        **07 Cr. 467 (RMB)**

provision expressly authorizing money judgments." 416 F.Supp.2d at 89. Unlike the broader forfeiture provision in the RICO statute, which "authorizes forfeiture of 'interests' generally," the forfeiture available under Section 981(a)(1)(c) "expressly limits its reach to the forfeiture of property that 'constitutes' or is 'derived from' proceeds 'traceable to' a criminal offense." Id.

The Government's proposed order ignores the required connection between the property and the offense mandated by Section 981(a)(1)(c). Were the Court to order a monetary judgment in the amount of $82,702, it would necessarily be satisfied (if at all) by Ms. Benjamin's future earnings -- earnings that would unquestionably be unrelated to the offense and not at all "derived from" or "traceable" to it.

The Government has not, and cannot, point to any other statutory authority for a forfeiture order that is nothing more than a monetary judgement. As such, the Government's application should be denied.

## II. Forfeiture Would Constitute an Excessive Fine

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. In contrast to the Cruel and Unusual Punishments Clause, "which is concerned with matters such as the duration or conditions of confinement, '[t]he Excessive Fines Clause limits the government's power to extract payments, whether in case or in kind, as punishment for some offense.'" Alexander v. United States, 509 U.S. 544, 558 (1993) quoting Austin v. United States, 509 U.S. 602, 609-610 (1993).

In Alexander, the Supreme Court held that criminal forfeiture of the *in personam* variety (as opposed to *in rem* forfeiture which applies to specifically identified property) sought here by the Government, "is clearly a form of monetary punishment no different, for Eighth Amendment purposes, from a traditional 'fine.'" Id. at 558. Not only are forfeiture penalties considered punishment, but they are "the subject of historic disfavor in our country," and modern criminal forfeiture statutes are "novel for their punitive character as well as for their unprecedented sweep." Id. at 563 (Kennedy, J., dissenting on different grounds).

The Supreme Court found that an *in personam* forfeiture violated the Eight Amendment in United States v. Bjakajian, 524 U.S. 321 (1998), where the amount sought to be forfeited was grossly disproportionate to the gravity of the offense. The Court relied heavily on the distinction between traditional *in rem* forfeiture and the purely punitive nature of the *in personam* forfeiture with its lack of any relation to the proceeds of the offense itself. There, the Court reversed the

The Honorable Richard M. Berman  February 19, 2008
United States District Court  Page 4
Southern District of New York

Re: <u>United States v. Cherdelle Benjamin</u>
    **07 Cr. 467 (RMB)**

forfeiture order of $357,144 for the crime of failing to report the removal of that same amount of currency from the United States.

Here, the Government's proposed forfeiture is nothing more than an $82,702 fine. Because restitution in this case is mandatory, an additional forfeiture order has nothing to do with either making victims whole or forcing disgorgement of unlawful proceeds. The victim, <u>i.e.</u>, the federal government, will be made as whole as it can be through the structured payments of restitution, and there are no proceeds to disgorge. Given these circumstances, it would be excessive to require an additional fine without regard to Ms. Benjamin's financial ability to pay.

### III. Restitution Should be Reduced by any Amount Forfeited

Regardless of the determination of the Court's ability to order both forfeiture and restitution for the same quantity of money, the Court should order that the amount of restitution owed be reduced by any amount recovered through forfeiture.

Under 18 U.S.C. § 3664(j)(2), "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same damages for the same loss by the victim in ... any Federal civil proceeding." Here, the Government moves under the civil forfeiture provision of Section 981 to recover monetary damages caused by Ms. Benjamin. The Court should order that her restitution obligation be reduced by any amount recovered through that process.

And lastly, 18 U.S.C. 3664(f)(3)(B) allows for nominal restitution payments as follows:

> A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

Here, the record is clear that Ms. Benjamin has no appreciable assets and has a negative net monthly income. If the Court orders a monetary judgment in the amount of $82,702, Ms. Benjamin will be that much less solvent. There is no possible way that she could make restitution payments in addition to satisfying that judgment. As such, it is entirely within the Court's discretion to order nominal periodic payments in accordance with Section 3664(f)(3)(B).

The Honorable Richard M. Berman                                February 19, 2008
United States District Court                                              Page 5
Southern District of New York

**Re:    United States v. Cherdelle Benjamin**
       **07 Cr. 467 (RMB)**

## Conclusion

    For all these reasons, the Court should deny the Government's proposed order of forfeiture or in the alternative, reduce the restitution amount by any amount recovered in forfeiture.

                                          Respectfully submitted,

                                          David E. Patton
                                          (212) 417-8762

cc:    Benjamin Naftalis
        Assistant U.S. Attorney